JiSCHOTT, Chief Judge.
On the application of Dr. Frank E. Min-yard, Coroner of the Parish of Orleans, and Southern Transplant Services, Inc., we grant certiorari in order to examine the validity of a judgment of the trial court determining that records sought by plaintiff from the Coroner are public records that must be disclosed to plaintiffs counsel and granting plaintiffs counsel the right to review Southern’s documents subject to a protective order.
Plaintiff, Barbara Everett, alleges that when her son died of a gun shot wound, the Coroner performed an autopsy on his body, and immediately thereafter an employee of the Coroner and an employee of Southern removed pieces of the hip bones from the body and transported them to Southern’s offices where they were processed and sent to a hospital for use in surgery. Plaintiff seeks to proceed with a class action on behalf of all survivors of decedents whose body parts were “harvested” by Southern and others with the cooperation of the Coroner, but without the consent of the survivors. The immediate issue in the lawsuit according to Southern is the numerosity issue, i.e., whether the class is so numerous that joinder is impracticable. C.C.P. art. 591.
*911 |2Plaintiff served a subpoena duces tecum on the Coroner to produce, for discovery, the following documents:
7. A copy of any and all logs maintained by Orleans Parish Coroner’s Office for the preceding nine (9) years reflecting identification or receipt for documents, wallets or other evidence found in clothing of any individuals prior to, during or following an autopsy.
8. A copy of all documents reflecting or relating to the policy of the Orleans Parish Coroner’s office at all times during the preceding nine (9) years to be used in ascertaining the identity of any unknown individuals brought to the Coroner’s office for autopsy.
9. Please produce a list of all individuals autopsied at the Coroner’s office over the past nine (9) years.
10. Please produce a list of all individuals brought to the Coroner’s office over the past nine (9) years for purpose of autopsy whose identity, at the time of autopsy, was not known by the Orleans Parish Coroner’s Office.
11. Please produce a copy of the' entire file of the Orleans Parish Coroner’s Office and/or the office of Dr. Frank Minyard for each individual identified above.
In response to Item 7 above the Coroner stated that he does not maintain logs, but he does maintain a property book which lists items removed from deceased individuals. The Coroner contends this is confidential to family members of the deceased.
As to Item 8 the Coroner responded that there are no such documents and as to Items 9 and 10 he responded that there are no such lists.
As to Item 11 which the Coroner calls “the real item of contention” he states that his office has performed between 13,000 and 15,-000 autopsies in the nine year period and since no bone tissue was removed in the “vast majority” of these cases, the “vast majority” of the files would be irrelevant. He contends that the public’s “right to know” embodied in the Public Records Act must yield to privacy rights.
As to the Coroner the trial court found that his records are public records 13pursuant to R.S. 44:1 et seq. and R.S. 33:1563. As to Southern the court said the following:
Judgment is rendered granting plaintiffs counsel the right to review the documents produced for in camera inspection by Southern Transplant Service, Inc.; however, neither plaintiff, plaintiffs counsel or any other person acting on their behalf may contact any relative of any deceased person in such records without further specific court authorization or disclose the contents of such documents to anyone without specific court authorization.
Beginning with Southern’s application, the object of the trial court’s disclosure order is a sheaf of 120 consent forms which authorized Southern to remove bone tissue. In some of these eases, the identities of the bodies appear on the forms. Southern in its application offers to provide these forms to plaintiff, but with the names of the deceased deleted. Since these names are not relevant to the issue of numerosity there is no reason for plaintiff to have them at this stage of the proceedings. Furthermore, under the conditions imposed by the trial judge the names would be of no use to the plaintiff.
As to the Coroner the question is whether one may have access to all of his autopsy reports as he has access to public records in general. Let us suppose that a member of one’s family dies or is killed, the body is taken into custody by the Coroner, and an autopsy is performed. The family claims the body and buries it. If the autopsy revealqd that the decedent had AIDS or some other venereal disease or that his body contained cocaine or some other illegal drug why should a member of the public have the right to know this? We are not persuaded that the legislature intended this result with the Public Records Act.
While we find no direct statutory authority for this position, R.S. 33:1564(C), in providing for the release to the public of information pending a final-diagnosis, requires prior notification of next of kin of the deceased or Lwhere no identification has been made, a showing that the Coroner has made reason *912 able efforts to identify the person. This demonstrates that the legislature was sensitive to privacy concerns.
In addition, there is no showing by plaintiff that she needs to see all these autopsy reports at this stage of the proceedings. At this time a class action has not been certified. If this occurs, the plaintiff will have to justify the invasion of the privacy rights of these thousands of next to kin in order to find out who may be among the class of those whose family members’ body parts were removed. At this time the blanket exposure to plaintiffs counsel of this sensitive, private information is premature at best.
Accordingly, the judgment against the Coroner is vacated and set aside. The judgment against Southern is affirmed, but amended to permit Southern to delete the names from the forms.

JUDGMENT VACATED IN PART; AND AMENDED IN PART.

BYRNES, J., concurs.
JONES, J., concurs in part and dissents in part.
MURRAY, J., dissents in part and concurs in part.